FILED IN OPEN COURT ON
9 /22 /10

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

|  |  |
|---|---|
| In re:<br><br>FLETCHER GRANITE COMPANY, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 10-43884-MSH and<br>Case No. 10-44443-MSH<br><br>(Jointly Administered) |

# ORDER (A) ESTABLISHING AND APPROVING BID PROCEDURES, (B) APPROVING FORM AND MANNER OF NOTICES AND (C) GRANTING RELATED RELIEF

This matter coming to be heard on the motion of Fletcher Granite Company, LLC and Fletcher Granite Company of Georgia, LLC (collectively, the "Debtor"), the debtors and debtors-in-possession in the above-captioned jointly administered cases, for entry of an order: (A)(1) establishing Bid Procedures, including, *inter alia*, certain bid protections (the "Bid Protections"), (2) approving the form and manner of notices for Debtor to issue in connection with a sale of its Assets, and (3) granting other related relief; and (B) (1) authorizing and approving the sale of the Assets under Section 363 of the Bankruptcy Code free and clear of all liens, claims, encumbrances and interests (the "363 Sale"), to NESI Realty, LLC ("NESI") or, if a Qualified Bid is submitted in accordance with the Bid Procedures, then to the bidder that submits the highest and best offer for the Assets at the Auction, (2) authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "Executory Contracts") under Section 365 of the Bankruptcy Code and (3) granting related relief (the "Motion");[1] the Court having reviewed the

---

[1] Capitalized terms used but not defined herein shall have the same meaning as in the Motion.

DM3\1481245.2

Motion and having considered the record at a hearing thereon (the "Sale Procedures Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion and at the Sale Procedures Hearing establish just cause for the relief herein granted.

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Debtor has articulated good and sufficient reasons for approving the bid procedures attached as an exhibit to the Motion (the "Bid Procedures"). The Bid Procedures are reasonable and appropriate and represent the best method for maximizing the value of the Assets for the benefit of the Debtor and its creditors.

B. Notice of the Bid Procedures approved hereby and the method of notice for the 363 Sale proposed in the Motion is good and sufficient notice of the Bid Procedures and the proposed 363 Sale, reasonably calculated to provide all interested parties with timely and proper notice of the 363 Sale, the Sale Hearing and the potential auction. No other or further notice is required.

C. The Bid Protections are a reasonable inducement for NESI's offer to purchase the Assets on and subject to the terms of the Asset Purchase Agreement. The Bid Protections have promoted competitive bidding by causing NESI to make its offer and enter into the Asset Purchase Agreement, which allows the Debtor to solicit additional bids for the Assets as permitted by the Bid Procedures. Absent approval of the

Bid Procedures, the Debtor's estate will lose the offer made by NESI and, therefore, an opportunity to obtain the highest and best available offer for the Assets.

D. The Breakup Fee (as defined in the Bid Procedures) ~~and the Expense Reimbursement (as defined in the Bid Procedures)~~ *represents* ~~are~~ (i) actual, necessary costs and expenses of preserving the Debtor's estate, within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by NESI, (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by NESI, and (iv) necessary to induce NESI to continue to pursue the 363 Sale and to continue to be bound by the Asset Purchase Agreement. The Breakup Fee ~~and the Expense Reimbursement~~ also induced NESI to submit a bid that will serve as a minimum floor bid on which the Debtor, the Debtor's estate, its creditors and other bidders may rely. NESI has provided a material benefit to the Debtor, its estate and its creditors by increasing the likelihood that the best possible price given the circumstances for the Assets will be received. Accordingly, the Bid Procedures, *and* the Breakup Fee ~~and the Expense Reimbursement~~ are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED as set forth herein.

2. The Bid Procedures are hereby approved in all respects, and the Bid Procedures shall govern all proceedings relating to the 363 Sale, the Auction and any bids for the Assets. ***ALL INTERESTED PARTIES ARE URGED TO REVIEW ALL***

*NOTICES OF THE 363 SALE, INCLUDING THE CURE NOTICE, AND TO BECOME FAMILIAR WITH THE BID PROCEDURES IN THEIR ENTIRETY.*

3. ~~The provisions of the Asset Purchase Agreement are hereby approved and authorized in their entirety~~.

4. **Deadline For Objections to Sale**. Any objections to the 363 Sale shall be filed with the Court in writing on or before 5:00 p.m. (prevailing Eastern Time) on October 18, 2010, and shall be served upon: (i) Fletcher Granite Company, LLC, c/o The O'Connor Group, Inc., 10 Stearns Road, Bedford, Massachusetts 01730-1077, Attn: Steven C. Petrarca, email: spetrarca@theoconnorgroup.com; (ii) Posternak Blankstein & Lund LLP, The Prudential Tower, 800 Boylston Street, 33rd Floor, Boston, Massachusetts 02199, Attn: David J. Reier, email: dreier@pbl.com; (iii) NESI Realty, LLC, 15 Branch Pike, Smithfield, Rhode Island 02917, Attn: Ann Marie Ramos, email: admin@granitesofamerica.com; (iv) Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210, Attn: Jeffrey D. Sternklar, email: JDSternklar@duanemorris.com; and (v) Jager Smith P.C., counsel to the Official Committee of Unsecured Creditors, One Financial Center, Boston, Massachusetts 02111, Attn: Bruce F. Smith, email: bsmith@jagersmith.com.

5. **Sale Hearing**. The Court will conduct a hearing 2:00 pm (prevailing Eastern Time) on October 27, 2010, at which time the Court will consider (i) approval of the sale of the Assets (the "Sale Hearing") to NESI or, if applicable, to the successful bidder following an Auction that is held in accordance with the terms of the Bid Procedures, free and clear of all claims, liens, interests and encumbrances, (ii) finding that the successful bidder is a good faith purchaser and engaged in arms-length

4

negotiations with the Debtor, (iii) authorizing the assumption and assignment of certain executory contracts pursuant to section 365 of the Bankruptcy Code, (iv) waiving the stay provisions of Fed.R.Bankr.P. 6004(g), and (v) granting the Debtor and the successful bidder such other and further relief as the Court may deem just and proper..

6. **Auction**. In the event that the Debtor receives a Qualifying Bid (as defined in the Bid Procedures) and the Bid Procedures contemplate that an Auction will occur, then the Auction will be conducted at the Court, in accordance with the terms of the Bid Procedures, at the beginning of the Sale Hearing at 2:00 pm (prevailing Eastern Time) on October 27, 2010.

7. The form and manner of the notices to be provided by Debtor concerning the 363 Sale and the hearing to be held thereon, as described more particularly in the Motion, are appropriate under the circumstances and are hereby approved.

8. **Deadline for Objections to Contract Assumption and/or Cure Amounts**. The terms of the Cure Notice (as defined in the Motion) shall govern the procedure for the assumption and assignment of executory contracts in connection with the 363 Sale. Any objections to the proposed assumption(s) or Cure Amount(s) set forth on Exhibit 1 to the Cure Notice (as defined in the Motion) (a "Cure Objection") must be made in writing, filed according to the Electronic Filing Rules with the U.S. Bankruptcy Court for the District of Massachusetts, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2060, and served so as to be received by 5:00 p.m. (prevailing Boston time) on October 18, 2010 (the "Objection Deadline") on the following: (i) Fletcher Granite Company, LLC, c/o The O'Connor Group, Inc., 10 Stearns Road, Bedford, Massachusetts 01730-1077, Attn: Steven C. Petrarca, email:

spetrarca@theoconnorgroup.com; (ii) Posternak Blankstein & Lund LLP, The Prudential Tower, 800 Boylston Street, 33rd Floor, Boston, Massachusetts 02199, Attn: David J. Reier, email: dreier@pbl.com; (iii) NESI Realty, LLC, 15 Branch Pike, Smithfield, Rhode Island 02917, Attn: Ann Marie Ramos, email: admin@granitesofamerica.com; (iv) Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210, Attn: Jeffrey D. Sternklar, email: JDSternklar@duanemorris.com; and (v) Jager Smith P.C., counsel to the Official Committee of Unsecured Creditors, One Financial Center, Boston, Massachusetts 02111, Attn: Bruce F. Smith, email: bsmith@jagersmith.com. Except as may otherwise be agreed to by a counterparty to an executory contract to be assumed and assigned pursuant to section 365(b) of the Bankruptcy Code, or as otherwise determined by the Court in adjudicating any timely filed Cure Objection, payment of the applicable amount set forth in <u>Exhibit 1</u> to the Cure Notice (as defined in the Motion) shall be controlling, and shall be the only obligation required to cure any default in such executory contract for purposes of section 365(b)(1)(A) of the Bankruptcy Code, all entities, including counterparties to such executory contracts, shall be forever barred from objecting to the Cure Amounts and from asserting otherwise (including asserting any additional cure or other amounts are or may become due from the Debtor or the successful bidder) in any forum and for any reason, notwithstanding anything to the contrary in any executory contract or other document, and will be deemed to consent to the 363 Sale and the proposed assumption and assignment of its executory contract(s). The determination of a Cure Objection may be made after entry of a Final Order approving the Motion and after closing and consummation of the 363 Sale. All other objections, if any, will be heard at the Sale Hearing.

9. **Deadline for Objections to Adequate Assurance of Future Performance**. Objections, if any, to the adequate assurance of future performance by the successful bidder at the Auction, if any ("Adequate Assurance Objection"), shall be due by 5 p.m. on October 18 , 2010 and shall be filed and served in the manner set forth above with respect to Cure Objections ("Adequate Assurance Objection Deadline"). Except as may otherwise be agreed to by a counterparty to an executory contract to be assumed and assigned pursuant to section 365(b) of the Bankruptcy Code, or as otherwise determined by the Court in adjudicating any timely filed Adequate Assurance Objection, all entities, including counterparties to such executory contracts, shall be forever barred from objecting to the adequate assurance of future performance proposed to be provided pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code and from asserting that any additional acts or omissions are or may become required from the Debtor or the successful bidder in any forum and for any reason, notwithstanding anything to the contrary in any executory contract or other document. The determination of an Adequate Assurance Objection, if any, will be heard at the Sale Hearing.

10. Nothing contained in this Order shall be interpreted or construed to constrain the Debtor or the Official Committee of Unsecured Creditors from exercising their own business judgment to market the Assets and to solicit Qualifying Bids in accordance with the Bid Procedures.

11. Notwithstanding the possible applicability of Federal Rules of Bankruptcy 6004(h), 7062, 9014 or otherwise or any Local Rules of this Court, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bid Procedures Order.

SO ORDERED AND APPROVED:

_____
HON. MELVIN S. HOFFMAN
United States Bankruptcy Judge

9/22/2010

## Bid Procedures

Fletcher Granite Company, LLC and Fletcher Granite Company of Georgia, LLC (collectively, the "Debtor" or the "Seller") are debtors and debtors-in-possession in a jointly administered case pending under chapter 11 of title 11, U.S. Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Massachusetts, Central Division (the "Court"), under Case No. 10-43884-MSH ("Bankruptcy Case"). The following are the bid procedures (the "Bid Procedures") approved by the Court for use in connection with the sale of the Assets, as such term is defined in the Asset Purchase Agreement dated September 13, 2010, between Debtor and NESI Realty, LLC ("NESI" or the "Purchaser") (the "Asset Purchase Agreement").

Pursuant to the Asset Purchase Agreement, NESI intends to acquire all of the Assets on the terms and conditions set forth therein. That proposed transaction (the "Sale") is subject to competitive bidding as set forth herein and approval of the Court.

On September 13, 2010, the Debtor filed a motion seeking certain relief in connection with the Sale (the "Sale Motion"). On September ___, 2010, the Court entered an order approving, among other things, the Bid Procedures and the form and manner of notice thereof (the "Bid Procedures Order"). The hearing (the "Sale Hearing") to consider approval of the Sale to the Purchaser or the Successful Bidder (as herein defined) is presently scheduled to commence at the Court on *Oct. 27*, 2010, at *2:00 P*.m. (eastern), and may be adjourned from time to time by the Court without further notice other than by announcement in open court.

## The Bid Process

Any person who wishes to participate in the Auction must be a Qualified Bidder (*see* the bid requirements set forth below). The Seller and the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case ("Committee") are free to engage in any discussions or negotiations with any other party concerning the Sale or other disposition of the Assets and concerning any other transaction involving the Assets or the Seller (whether by way of a plan of reorganization or otherwise).

## Due Diligence

The Seller shall afford each *person expressing an interest in being a Qualified Bidder who has signed the Confidentiality Agreement and Appraisal Release Letter* due diligence information and access to the Assets.

## Bid Deadline

A Qualified Bidder that desires to make a bid for the Assets shall file and serve a bid, conforming to the requirements set forth below, according to the Electronic Filing Rules with the U.S. Bankruptcy Court for the District of Massachusetts, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2060, and serve copies of such bid so as

to be <u>received</u> by 5:00 p.m. (eastern) on _Oct 13_, 2010 (the "<u>Bid Deadline</u>") by each of the following: (i) Fletcher Granite Company, LLC, c/o The O'Connor Group, Inc., 10 Stearns Road, Bedford, Massachusetts 01730-1077, Attn: Steven C. Petrarca, email: spetrarca@theoconnorgroup.com; (ii) Posternak Blankstein & Lund LLP, The Prudential Tower, 800 Boylston Street, 33rd Floor, Boston, Massachusetts 02199, Attn: David J. Reier, email: dreier@pbl.com; (iii) NESI Realty, LLC, 15 Branch Pike, Smithfield, Rhode Island 02917, Attn: Ann Marie Ramos, email: admin@granitesofamerica.com; (iv) Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210, Attn: Jeffrey D. Sternklar, email: JDSternklar@duanemorris.com; and (v) Jager Smith P.C., counsel to the Committee, One Financial Center, Boston, Massachusetts 02111, Attn: Bruce F. Smith, email: bsmith@jagersmith.com. The Debtor, in its business judgment, after consultation with the Committee, shall have the discretion to deem as timely filed a bid received by 11:59 p.m. on the day of the Bid Deadline. The Debtor shall have the right to file with the Court any such bid received but not filed by the bidder and such filing shall be deemed timely.

Bid Requirements

No bid will be considered unless it:

(i) is submitted by a party (a "<u>Qualified Bidder</u>") that Seller, after consultation with the Committee, in good faith determines is qualified to consummate the Sale as contemplated in its bid, has entered into a confidentiality agreement with the Seller and has executed an appraisal release letter in favor of Sovereign Bank;

(ii) is submitted on the Bid Form attached hereto as <u>Exhibit 1</u>, completed in a manner that clearly identifies the Assets for which such party is bidding and the price for each. Bid Forms that are not signed by an authorized representative of the bidder will be deficient and may not considered by the Debtor. Specific requirements for completing the bid form are set forth below;

(iii) is received by Seller (with a copy to Purchaser and the Committee at the addresses listed above) on or prior to the Bid Deadline;

(iv) is accompanied by a good faith deposit ("<u>Good Faith Deposit</u>") delivered via wire transfer or certified funds to Seller's counsel, Posternak Blankstein & Lund LLP, The Prudential Tower, 800 Boylston Street, 33rd Floor, Boston, Massachusetts 02199, in an amount equal to the lesser of (i) $350,000, and (ii) 10% of such bid. Bidders wishing to have interest accrue on their Good Faith Deposits will be required to provide Debtor's counsel with a completed and executed IRS W-9 form;

(v) is accompanied by a redlined version of the Asset Purchase Agreement reflecting the modifications proposed by such bidder and a statement that the bidder will execute and deliver the Asset Purchase Agreement as modified; provided that (i) modifications shall be limited to adjustments relating to the Assets, purchase price,

2

identity of the parties, and variations intended to present a higher and better offer than Purchaser's offer, and (ii) all modifications shall include provisions that the bidder has no right to receive a break-up fee or expense reimbursement and that its bid is not subject to any contingencies for further due diligence, financing or corporate approval;

(vi) identifies with particularity each executory contract and unexpired lease to be assumed and assigned by the Debtor at closing; provided, however, that the Successful Bidder (defined below) shall have until 60 days following the Closing to identify all of the executory contracts and unexpired leases it elects to have assumed and assigned by the Debtor to such Successful Bidder;

(vii) states that the Qualified Bidder is legally bound by his bid to consummate the Sale and will remain bound until such time as such Qualified Bidder's Good Faith Deposit is returned;

(viii) offers a purchase price that, in the Debtor's business judgment, after consultation with the Committee, is equal to or greater than $7,150,000, either (a) by itself, or (b) in combination with other bids, as provided below; and

(ix) is accompanied by sufficient evidence acceptable to the Debtor, in its business judgment, after consultation with the Committee, demonstrating the Qualified Bidder's ability to consummate the transactions contemplated in its bid.

A bid satisfying the foregoing requirements shall be deemed a "Qualifying Bid."

Requirements for Completing the Bid Form

The Bid Form divides the Assets into eight (8) different Units. The Units consist of (i) each of the Debtor's seven parcels of real estate ("Real Estate") identified in Schedule 2.1(e) to the Asset Purchase Agreement, and (ii) the machinery, equipment, rolling stock and office furnishings and machines wherever located ("Tangible Property") identified in Schedule 2.1(a) to the Asset Purchase Agreement; subject to the limitations set forth in Schedule 4.4(b) to the Asset Purchase Agreement.

Bidders may bid on:

1. All Assets
2. All Real Estate (excluding the Tangible Property)
3. All Tangible Property (excluding all real estate),
or
4. Any combination of individual Units of real estate and the Tangible Property

by checking the appropriate boxes on the bid form and providing a corresponding Offering Price.

3

As explained in greater detail in the Bid Form, Bidders may submit multiple bids with as many different combinations of Units as the bidder chooses. If a bidder submits multiple bids, such bidder must provide a single deposit equal to the lesser of (i) 10% of its highest bid, and (ii) $350,000.

### Determination of Qualifying Bids

Within one (1) business day after the Bid Deadline, the Debtor shall review each bid for the Assets and determine, in its business judgment, after consultation with the Committee, whether such bid constitutes a Qualifying Bid, as defined herein. The Debtor shall have the discretion to waive defects in any bid and to provide bidders with an opportunity to cure such defects within three (3) business days after the Bid Deadline. The Debtor shall notify each party that submits an offer whether its offer is a Qualifying Bid.

### Determination of Qualifying Combination Bids

The Debtor may qualify, in its business judgment, after consultation with the Committee, a bid for less than all the Assets, including bids on individual Units ("Lot Bid"), as follows: If the Debtor can make a combination of Lot Bids into a single Bid with an offering price totaling at least $7,150,000 without duplication of any Units in such Lot Bids, those Lot Bids will constitute a single bid and shall be deemed a Qualifying Bid ("Qualifying Combination Bid"). A Lot Bid will not be qualified unless it can be combined with other Lot Bids as part of a Qualifying Combination Bid. The Debtor shall notify each party that submits an offer whether, and the extent to which, its offer is part of a Qualifying Combination Bid. NESI shall be permitted to participate as part of a Qualifying Combination Bid.

In determining the offering price of a Lot Bid, the Debtor shall consider only the cash components of such Lot Bid, without regard to the value of Assets not included therein or in the Qualifying Combination Bid.

For a period of three (3) business days after the Bid Deadline, the Seller will have the right to clarify and coordinate Lot Bids in order to create one or more Qualifying Combination Bids and to maximize the offering price for the Assets.

It shall not be deemed to be collusion for one or more entities wishing to submit Lot Bids to communicate with NESI and to propose, formulate, negotiate or enter into a Qualifying Combination Bid in which NESI's existing or different offer is a part; provided, however that the purpose or effect of such communication cannot be reduce or limit the price that one or more entities may offer for any of the Assets.

### Auction

4

If the Debtor determines that it has received a Qualifying Bid or a Qualifying Combination Bid, then Seller will be entitled to hold an auction for the sale of the Assets (the "Auction"). The Auction will be held after the Bid Deadline at such date and time as determined by the Court. Only those bidders that submit a Qualified Bid or are part of a Qualifying Combination Bid and the Purchaser will be permitted to participate in the Auction, as follows:

1. In the event that there is at least one Qualifying Combination Bid, then (i) each bidder with a Lot Bid forming part of a Qualifying Combination Bid may participate in the Auction as a single bidder but only with respect to the Unit(s) included in its respective Lot Bid(s), (ii) bidders with Lot Bids in more than one Qualified Combination Bid may participate in the Auction with respect to each Qualifying Combination Bid but only with respect to the Units included in their respective Lot Bids constituting such Qualifying Combination Bid, and (iii) bidders submitting Qualified Bids for all of the Units will be entitled to participate in the Auction with respect to each individual Unit; and

2. In the event that there is no Qualifying Combination Bid, Qualifying Bidders will be entitled to bid at the Auction only on all Units.

The amount of the Break-Up Fee that would be required to be paid to Purchaser if another Qualified Bid(s) is accepted, and the impact such amount would have in reducing the net potential value of such other Qualified Bid(s), shall be taken into consideration by Seller in determining the highest and best bid made at the Auction.

Bidding at the Auction may include, without limitation, open bids, sealed bids, or some combination(s) thereof. The Debtor will announce the terms of bidding at the Auction. Qualified Bidders and parties to Qualifying Combination Bids shall be prepared for both open Bid and sealed Bid, and/or some combination thereof. At the conclusion of the Auction, the Debtor shall identify, after consultation with the Committee, and announce which Qualified Bid, or Qualified Combination Bid, was the highest and best bid for the Assets (the "Successful Bid").

The following procedures will be part of the Auction process.

1. The Auction will be held on __Oct 27__, 2010, at __2:00__ p.m., prevailing Boston time, in open Court, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2060. Only NESI and other Qualified Bidders, if any, may participate in the Auction. NESI is deemed to be a Qualified Bidder for purposes hereof. If the Debtor does not receive a Qualifying Bid or a Qualifying Combination Bid by the deadline established herein, the Debtor shall cancel the Auction and accept the bid of NESI.

2. NESI and all other Qualified Bidders shall appear in person or through an authorized representative.

5

3.  Bidding at the Auction shall commence at the amount of the highest Qualifying Bid or Qualifying Combination Bid.

4.  The Debtor reserves the right, in its business judgment, after consultation with the Committee, to determine whether a bid constitutes a higher and better offer than other bids received for the Assets. In making this determination, the Debtor shall be entitled to consider the amount of the purchase price, each bidder's financial ability to consummate the Sale and the overall benefit to the Debtor's estate; provided, however, that the Debtor shall not consider the Assets excluded from the bid in evaluating the benefit of such bid to the Debtor's estate.

5.  Any Qualified Bidder may make modifications to the Asset Purchase Agreement during the Auction, provided that the Debtor reserves the right, in its business judgment, after consultation with the Committee, to determine whether such modifications impact whether such bid represents the highest and best offer for the Assets.

6.  The Debtor shall conduct the Auction until the Debtor determines, in its business judgment, after consultation with the Committee, that it has received the highest and best offer for the Assets.

7.  The Debtor shall notify all Qualifying Bidders of the highest and best offer ("Successful Bid"), the second highest and best offer ("Second Place Bidder") and the third highest and best offer ("Third Place Bidder").

### Break-Up Fee and Expense Reimbursement for NESI

In the event the Debtor, for any reason other than as a result of the breach by NESI of its obligations under the Asset Purchase Agreement, accepts a bid or other proposal from any person or entity other than NESI for the Assets or another transaction involving the Debtor or its Assets (an "Alternative Transaction"), then within five (5) business days after the closing of such Alternative Transaction, the Debtor shall (i) pay to NESI in cash, a break-up fee in the amount of $50,000 ~~(the "Break-Up Fee")~~, and (ii) ~~reimburse~~ NESI ~~for its~~ documented reasonable and necessary costs and expenses (including attorneys' fees) incurred in connection with the Asset Purchase Agreement, its due diligence and pursuit of consummation of the transactions contemplated by the Asset Purchase Agreement, ~~in an amount~~ not to exceed $50,000 ~~("Expense Reimbursement")~~.

[handwritten annotations in left margin: "the greater of (i)" and "5% of (i)"; handwritten "$100,000." replacing struck-out amount]

### The Sale Hearing

The Sale Hearing is scheduled to commence at 2 p.m. (eastern) on Oct 27, 2010, before the Hon. Melvin S. Hoffman, Judge of the U.S. Bankruptcy Court for the District of Massachusetts, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2060. At the Sale Hearing, the Debtor will request entry of an order, among other things, authorizing and approving the Sale of the Assets; (i) if no other Qualified Bid is received and accepted as a Successful Bid, to the Purchaser pursuant to the terms and

6

conditions of the Asset Purchase Agreement; or (ii) if one or more Qualified Bids are received, then to the bidder submitting the Successful Bid at the Auction (the "Successful Bidder"), as determined by the Seller in accordance with the Bid Procedures and pursuant to the terms and conditions of the Asset Purchase Agreement with such Successful Bidder. The Sale Hearing may be adjourned by the Court from time to time without notice other than by announcement in open court.

### Consummation of the Transactions

The Successful Bidder shall consummate the Sale of the Assets within five business days after the earliest permitted date for closing ("Closing Date") set forth in the Sale Order. In the event the Successful Bidder fails to consummate the Sale within five (5) business days after the Closing Date, Seller shall notify the Second Place Bidder that it must consummate the Sale on or before the tenth (10th) business day after the Closing Date. In the event the Second Place Bidder fails to timely consummate the Sale, Seller shall notify the Third Place Bidder that it must consummate the Sale on or before the fifteenth (15th) business day after the Closing Date. All sales shall occur upon the terms set forth in the Asset Purchase Agreement (as such Asset Purchase Agreement may have been modified by the Qualified Bidder consummating the Sale). The Good Faith Deposit of a bidder (including bidders that are part of a Qualifying Combination Bid) that fails to consummate the Sale (or such bidder's portion of the Sale) shall be either returned to such bidder or retained by the Seller, pursuant to the terms of the Asset Purchase Agreement.

### Return of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders shall be retained by Seller's Counsel, and all Qualified Bids shall remain open and binding offers, until the earlier to occur of (i) thirty-five days after the Closing Date, and (ii) the date on which the Sale is consummated.

The Good Faith Deposits not applied to payment of the Purchase Price or retained by Seller as liquidated damages shall be returned within two (2) business days after the earlier to occur of (i) thirty-five days after the Closing Date, and (ii) the date on which the Sale is consummated.

### Extensions of Time For Closing

The Seller may, after consultation with the Committee, without further approval of the Court or notice to any party, extend each of the deadlines for consummation of the transactions set forth above for up to 14 days.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

|  |  |
|---|---|
| In re:<br><br>FLETCHER GRANITE COMPANY, LLC,<br>*et al.*<br><br>                    Debtors. | Chapter 11<br><br>Case No. 10-43884-MSH and<br>Case No. 10-44443-MSH<br><br>(Jointly Administered) |

**Bid Form**

Bidder Name: _____

Bidder Address: _____

If Bidder is submitting more than one Bid, number of this Bid: _____

Date: _____

Bidders shall make bids by completing and submitting this Bid Form together with an Asset Purchase Agreement ("Bidder's Proposed Form of Agreement") marked to reflect proposed changes to the Asset Purchase Agreement dated September 13, 2010, by and between (i) Fletcher Granite Company, LLC and Fletcher Granite Company of Georgia, LLC, as Seller, and (ii) NESI Realty, LLC, as Purchaser ("Asset Purchase Agreement"). Bidders may bid on one or more Units. Bidders may submit a single Bid Form bidding on one or more Units or multiple Bid Forms with different combinations of Units. Whether a bidder submits a single Bid Form bidding on one or more Units, or multiple Bid Forms, such bidder must provide a single deposit equal to the lesser of (i) 10% of the highest Total Offering Price submitted by such bidder, and (ii) $350,000.

By checking a Unit Bid box and providing an Offering Price in the corresponding blank, the undersigned bidder is bidding on the assets corresponding to such box for the price written. A bidder will be deemed to have offered to purchase only those Units indicated by both a checked box and corresponding price. Defined terms used herein shall have the meanings ascribed to them in the Bid Procedures.

The Assets are divided into eight (8) different Units. The Units consist of (i) each of the Debtor's seven parcels of real estate ("Real Estate") listed in Schedule 2.1(e) of the Asset Purchase Agreement, and (ii) all of the Debtor's machinery, equipment, rolling stock and office furnishings and machines, wherever located ("Tangible Property") listed in Schedule 2.1(a) of the Asset Purchase Agreement, subject to Schedule 4.4(b) thereof. .

| Unit Bid (X = yes; blank = no) | Unit and Description | Offering Price |
|---|---|---|
| | All Units. If this option is bid, the bidder does not need to check any other boxes. | $ |
| | All Real Estate Units (Excluding Tangible Property). If this option is bid, the bidder does not need to check the other Real Estate Unit boxes. | $ |
| | Unit No. 1 – Tangible Property | $ |
| | Unit No. 2 – Real Estate: Groton Rd., Westford, MA | $ |
| | Unit No. 3 – Real Estate: Lumber St., Hopkinton, MA. | $ |
| | Unit No. 4 – Real Estate: Basin Rd., Addison, ME | $ |
| | Unit No. 5 – Real Estate: Starch Mill Rd., Mason, NH. | $ |
| | Unit No. 6 – Real Estate: Route 16, Madison, NH | $ |
| | Unit No. 7 – Real Estate: 102 Armory Rd., Milford, NH. | $ |
| | Unit No. 8 – Real Estate: 4550 Hwy 20, Conyers, GA. | $ |
| | **Total Offering Price:** | $ |
| | **Good Faith Deposit (lesser of 10% of Total Offering Price or $350,000):** | $ |

The undersigned bidder hereby offers to purchase the Assets indicated above from Fletcher Granite Company, LLC and Fletcher Granite Company of Georgia, LLC, as applicable, upon the terms and conditions set forth in the Bidder's Proposed Form of Agreement attached hereto, and to be bound by the Bid Procedures approved, and the Bid Procedures Order entered, on September _____, 2010, by the Court in the above-referenced jointly administered case.


BIDDER: _____


By: _____
   Its:
   Date: _____, 2010